UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATAC,<br><br>       Plaintiff,<br><br>  v.<br><br>AVIS BUDGET CAR RENTAL LLC,<br><br>       Defendant. | CASE NO. 2:25-cv-00081-LK<br><br>ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

   This matter comes before the Court on the City of SeaTac's Emergency Motion for a Temporary Restraining Order & Preliminary Injunction. Dkt. No. 17. For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

   The City of SeaTac filed its complaint in this Court on January 14, 2025, alleging that Defendant Avis Budget Car Rental LLC has damaged City roads and created unsafe conditions around its rental car lot located within City limits. Dkt. No. 1 at 2–4. Specifically, the City alleges that Avis's car haulers damaged City roads on two occasions in 2023. *Id.* at 3. The City further alleges that in 2024, Avis created unsafe conditions—once resulting in a three-vehicle collision—

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 1

on City streets by parking its haulers on the busy road adjacent to its rental lot. *Id.* The City also received complaints from City staff, residents, and motorists about Avis's unsafe use of the public roadway. *Id.* at 3–4. The City's attempts to resolve the issue with Avis have not been successful. *Id.* at 4. On September 18, 2025, the City filed this motion for emergency relief "enjoining Avis from using the public roadway, specifically, South 160th Street, and 34th Avenue South, within the City of SeaTac, to offload vehicles from the transporters or auto haulers effective immediately and until further notice." Dkt. No. 17 at 8.

## II.  DISCUSSION

Federal Rule of Civil Procedure 65 empowers the court to issue a temporary restraining order ("TRO"). Fed. R. Civ. P. 65(b). Like a preliminary injunction, a TRO is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (the standards applicable to TROs and preliminary injunctions are "substantially identical"). The Court will not "mechanically" grant an injunction for every violation of law. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Instead, plaintiffs seeking a TRO must establish that (1) they are "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The mere "possibility" of irreparable harm is insufficient; instead, the moving party must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id.* at 22.

**A.    The City Is Not Entitled to a Temporary Restraining Order**

A TRO "is an extraordinary remedy that is generally reserved for emergency situations in which a party may suffer immediate irreparable harm." *Oracle Am., Inc. v. Myriad Group AG*, No. C 10-05604 SBA, 2011 WL 13154031, at *1 (N.D. Cal. Dec. 1, 2011); *see also Whirlpool Corp.*

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 2

*v. Marshall*, 445 U.S. 1, 20 n.33 (1980) (noting that temporary restraining orders are used for "emergency situations"). A party's "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

Here, the City's lengthy delay undermines its claim for emergency relief. The City filed this lawsuit in January 2025, Dkt. No. 1, and it avers that Avis has occasionally parked its haulers on the road since at least as early as April 2024, *id.* at 3–4. The City does not explain why the continuation of this conduct has suddenly ripened into an emergency or why it waited so long to file this motion. *See generally* Dkt. No. 17.[1] Although its motion for a TRO states that an Avis auto hauler was parked on the roadway again on September 2, 2025, *id.* at 4, another incident of the same type of recurring conduct does not justify the long delay.

In light of the City's lengthy and unexplained delay, the Court finds that City has not shown that an emergency exists. Accordingly, the Court denies the motion for a TRO.

**B.    The City Is Not Entitled to a Preliminary Injunction**

The City has also failed to show that it is entitled to a preliminary injunction. Its motion is entirely devoid of citations to the record for the alleged "facts" it cites. *See generally* Dkt. No. 17. Although "the rules of evidence do not apply strictly to preliminary injunction proceedings" because of their urgency, *Herb Reed Enters., LLC v. Florida Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013), the Court has no obligation to scour the record for evidence that might support the City's position, *see, e.g.*, *Est. of Rowland v. King Cnty.*, No. 2:24-cv-01240-LK, 2025 WL 821862, at *5 (W.D. Wash. Mar. 14, 2025) (collecting cases); *see also Ramsey v. Muna*, 819 F. App'x 505, 507 (9th Cir. 2020) (courts "are not like pigs, hunting for truffles buried in briefs[,]

---

[1] The City sent a "preliminary version" of this motion for emergency relief to Avis on July 25, 2020, Dkt. No. 17-2 at 2, before the September 2 incident and nearly eight weeks before it filed this "emergency" motion, Dkt. No. 17 at 4.

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 3

1  and cannot manufacture arguments for a [litigant]" (citation modified)). The absence of citations
2  also violates Local Civil Rule 10(e)(6), which requires parties to cite to evidence in the record. In
3  a similar vein, the City has failed to authenticate—or even describe—the exhibits it filed with its
4  motion. Dkt. Nos. 17-4–17-8; *see also* Fed. R. Evid. 901(a). Accordingly, the Court denies the
5  City's request for a preliminary injunction because it is unsupported. However, the denial is
6  without prejudice to the City's ability to refile their motion with evidentiary support and in
7  compliance with the Local Civil Rules and other applicable law.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES the City of SeaTac's Emergency Motion for a Temporary Restraining Order & Preliminary Injunction. Dkt. No. 17.

Dated this 18th day of September, 2025.

Lauren King
United States District Judge